IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT MARQUIS RAMEY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 15-1461 |
| | : | |
| v. | : | |
| | : | |
| GEORGE W. HILL CORRECTIONAL | : | |
| FACILITY, COMMUNITY EDUCATION | : | |
| CENTER (CEC), JOHN A. REILLY, JR. | : | |
| (Superintendent), DONNA MELLOW | : | |
| (Asst. Superintendent), DR. RONALD | : | |
| PHILLIPS (Medical Director), N. SMITH | : | |
| (Health Service Administrator), E. ASANTE | : | |
| (Grievance Coordinator), | : | |
| | : | |
| Defendants. | : | |

**<u>MEMORANDUM OPINION</u>**

Smith, J.                                                                                                                      April 29, 2015

A *pro se* prisoner plaintiff has filed an action under 42 U.S.C. § 1983 based on an alleged incident where he was injured after he jumped out of his top-bunk bed while preparing to go to breakfast. The plaintiff names as defendants the county correctional facility that had housed him on the date of the incident, the apparent third-party contractor providing services at the county correctional facility, and various employees of the correctional facility and the third-party contractor. The plaintiff seeks leave to proceed *in forma pauperis*.

Although the court will grant the plaintiff leave to proceed *in forma pauperis*, the court will (1) dismiss with prejudice his claim against the county correctional facility because it is not a legal entity subject to suit as a "person" under section 1983, (2) dismiss without prejudice his claim against the third-party contractor because the plaintiff cannot attempt to impose *respondeat superior* liability against this defendant and he has not alleged that a custom or policy caused his

injuries, (3) dismiss without prejudice his claims against the named individual defendants because he has not included allegations reflecting anything other than potentially negligent conduct and he has not alleged how these defendants were either personally involved in his medical care (or lack thereof) or how they acted with deliberate indifference toward him or his serious medical needs, and (4) dismiss with prejudice as moot his claims for injunctive relief because he is no longer incarcerated at the county correctional facility.  As to those claims the court is dismissing without prejudice, the plaintiff shall have leave to file an amended complaint within thirty (30) days of the date of the accompanying order.

## I. ALLEGATIONS AND PROCEDURAL HISTORY

The plaintiff filed an application for prisoners to proceed in district court without prepaying fees or costs (the "IFP Application") and a proposed complaint on March 20, 2015. Doc. No. 1.  In the caption of the complaint, the plaintiff lists the defendants as the George W. Hill Correctional Facility, Community Education Center ("CEC"), John A. Reilly, Jr., Donna Mellow, Dr. Ronald Phillips, "N. Smith," and "E. Asante."[1]  Compl. at 1.

In the complaint, the plaintiff alleges that at approximately 5:45 a.m. on September 11, 2013, he was at the George W. Hill Correctional Facility when he

> [j]umped out of bed (no ladders) and landed awkwardly on [his] right ankle when [he] was going to breakfast.  When [he] got up, [he] felt a sharp pain in [his] right lower back.  [He] told a.m. block ofcr. (C.O. Boye) and [he] was transported to Medical via wheelchair.  Upon arrival, [he] was then sent back to housing unit with no medical attention.  After numerous complaints, Ofcr. Boye got Nurse Fullard to come to the cell where [he] was housed at and send [sic] [him] back to medical via wheelchair which was a week later (9/18/13).  Medical then seen [sic] how swollen [his] ankle was and how unbalanced [he] was standing, so they

---

[1] The plaintiff used the form prisoner complaint for actions under section 1983. *See* Compl. at 1.  Although the plaintiff includes these defendants in the caption, he only lists John A. Reilly, Jr., Donna Mellow, Dr. Ronald Phillips, "E. Asante" and "N. Smith" as defendants in the body of the complaint. *Id.* at 2.  In addition, while not pertinent to the court's review of the complaint, the plaintiff identifies only the George W. Hill Correctional Facility and CEC as defendants in the IFP Application. *See* Appl. for Prisoners to Proceed in Dist. Ct. Without Prepaying Fees or Costs, Doc. No. 1.

> housed [him] on Medical unit for one week, wrapped [his] ankle, and sent [him] back to housing unit. After more complaints, they began to ignore [him].

*Id.* at 3. Regarding his injuries, the plaintiff states: "Ankle was taped and received Ibuprofen. I received nothing for the pain in lower back, unless that was what the Ibuprofen was for." *Id.*

The plaintiff alleges that he exhausted his administrative remedies, and he attaches copies of two grievance forms that he allegedly submitted while at the George W. Hill Correctional Facility to the complaint. *Id.* at 4 & Attachs. In the first grievance form, dated November 6, 2013, the plaintiff stated that "[e]ver[] since my injury, I haven't been able to walk straight and my right foot feel[s] dead. I need some real medical treatment so I can [indiscernable] myself, cause I'm feeling weak and vulnerable." *Id.* at Attachs., Nov. 6, 2013 Grievance. It appears that "E. Asante" received this grievance form on November 13, 2013, and "N. Smith" responded to it on November 18, 2013. *Id.* In the response, N. Smith appears to have informed the plaintiff that "you were seen by Dr. Phillips on 9/25. Your ankle was stable without swelling & you were given a week in medical before cleared for block. You were also given a low bunk pass. If you need to be seen again, please make a sick call <u>not</u> a grievance." *Id.* (emphasis in original).

In the second grievance, dated January 6, 2014, the plaintiff stated as follows:

> I filed a grievance on Nov. 10, 2013 and was answered by E. Asante on Nov. 13, 2013. The medical treatment I received on Sept. 25 was of no help because I'm in an extreme amount of pain. A sprain [sic] ankle is the least of my worries. In my opinion, I believe I crack [sic] an [sic] vertebrae cause I can't stand straight for a long period of time. I am not filling out another sick call only to owe more money and not get any help! I will [sic] like a response back so I can proceed to the next step if I don't receive treatment.

*Id.* at Attachs., Jan. 6, 2014 Grievance. E. Asante appears to have received this grievance on January 15, 2014, and it further appears that someone responded to the plaintiff on January 20, 2014. *Id.* The response noted that after Dr. Phillips saw the plaintiff and gave him medication, the plaintiff's only sick call related to a request for dental care, which he received. *Id.* The

3

response again informed the plaintiff that, if he needed treatment, he would have to submit a sick call request rather than file a grievance. *Id.*

For his damages, the plaintiff seeks "Medical Treatment (TBD), Physical Therapy (TBD), Pain and Suffering ($250,000), An [sic] Injunctive Relief of Bed Ladders on Men Population (just like womens [sic] population.)" *Id.* at 5. While unspecified, it appears that the plaintiff is seeking these damages under 42 U.S.C. § 1983 for violations of his Eighth or Fourteenth Amendment rights based upon the fact that his bunk bed did not have a ladder and the medical treatment (or lack thereof) that he received for his alleged injuries.

## II.   DISCUSSION

As indicated above, the plaintiff seeks to proceed *in forma pauperis*. The court will address this request first before reviewing the allegations in the complaint as permitted by 28 U.S.C. § 1915(e)(2).

### A.   The IFP Application

Regarding requests to proceed *in forma pauperis*, the court notes that

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a). When addressing requests to proceed *in forma pauperis* under section 1915, district courts undertake a two-step analysis: "First, the district court evaluates a litigant's financial status and determines whether [he or she] is eligible to proceed *in forma pauperis* under § 1915(a). Second, the court assesses the complaint under § 1915[(e)(2)] to determine whether it

is frivolous." *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990) (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)).[2]

Concerning the litigant's financial status, the litigant must establish that he or she is unable to pay the costs of suit. *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Generally, where a plaintiff files an affidavit of poverty, the district court should accord the plaintiff a preliminary right to proceed *in forma pauperis*. *Lawson v. Prasse*, 411 F.2d 1203, 1203 (3d Cir. 1969) (citing *Lockhart v. D'Urso*, 408 F.2d 354 (3d Cir. 1969)).

Here, after reviewing the IFP Application, it appears that the plaintiff is unable to pay the costs of suit. Therefore, the court grants the plaintiff leave to proceed *in forma pauperis*.

### B.      Review of the Complaint Under 28 U.S.C. § 1915(e)(2)(B)

#### 1.      Grounds for *Sua Sponte* Dismissal Under 28 U.S.C. § 1915(e)(2)(B)

Because the court has granted the plaintiff leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . (B) the action or appeal-- (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67

---

[2] The *Roman* court referenced the former version of 28 U.S.C. § 1915(d), which stated that "[t]he court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1990) (redesignated as Section 1915(e) by the Prison Litigation Reform Act, Pub. L. No. 104-135, 110 Stat. 1321 (1996)). The portion of Section 1915(d) which allowed the district court to dismiss frivolous *in forma pauperis* complaints is now codified at 28 U.S.C. § 1915(e)(2)(B)(i). *See* 28 U.S.C. § 1915(e)(2)(B)(i) (stating frivolous nature of *in forma pauperis* complaint is ground for dismissal).

F.3d 1080, 1085 (3d Cir. 1995).  In addressing whether a *pro se* plaintiff's complaint is frivolous, the court must liberally construe the allegations in the complaint.  *Higgs v. Attorney Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011).

Regarding the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 570).  Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[3] *Id.* (quoting *Twombly*, 550 U.S. at 555).

### 2.     Analysis

#### a.     Claims Against The George W. Hill Correctional Facility

As indicated above, the plaintiff brings his claims under 42 U.S.C. § 1983.  Section 1983 provides in pertinent part as follows:

> Every ***person*** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to

---

[3] Similar to the court's review as to whether a *pro se* complaint is frivolous, the court is mindful that no matter how "inartfully pleaded, [*pro se* complaints] must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted).  Despite this more liberal pleading standard, a *pro se* complaint must still contain "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Maxberry v. Sallie Mae Educ. Loans*, 532 F. App'x 73, 75 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

>   be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

*Id.* (emphasis added).

As evidenced by a review of the statute, section 1983 "applies only to 'persons.'" *Fraser v. Pennsylvania State Sys. of Higher Educ.*, No. CIV. A. 92-6210, 1994 WL 242527, at *5 (E.D. Pa. June 6, 1994), *aff'd*, 52 F.3d 314 (3d Cir. 1995). The George W. Hill Correctional Facility is the county prison for Delaware County. *See Regan v. Upper Darby Twp.*, No. CIV. A. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) (stating that "Delaware County Prison[ is] now known as the George W. Hill Correctional Facility"), *aff'd*, 363 F. App'x 917 (3d Cir. 2010). A county correctional facility, such as the George W. Hill Correctional Facility, is not a "person" under section 1983. *See Ignudo v. McPhearson*, No. CIV. A. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004) ("[Plaintiff] also names as a Defendant the George W. Hill Correctional Facility. The George W. Hill Correctional Facility is not a legal entity susceptible to suit."); *see also Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) (concluding that the district court properly dismissed claims against a county prison because even though "[a] local governmental agency may be a 'person' for purposes of § 1983 liability[, the county prison] is not a person capable of being sued within the meaning of § 1983") (internal citations omitted)); *Mincy v. Deparlos*, 497 F. App'x 234, 239 (3d Cir. 2012) (determining that district court properly concluded that a county prison is not a "person" within the meaning of section 1983). Accordingly, the court will dismiss with prejudice the plaintiff's claims against the George W. Hill Correctional Facility.

b. <u>Claims Against CEC</u>

It is unclear from the allegations in the complaint as to what role CEC plays, if any, at the George W. Hill Correctional Facility. Nonetheless, it appears that CEC is a private, third-party contractor providing services at or otherwise operating the George W. Hill Correctional Facility. *See, e.g.*, *Haug v. CEC*, No. CIV. A. 11-5290, 2013 WL 271933, at *2 (E.D. Pa. Jan. 24, 2013) (indicating that CEC operates the George W. Hill Correctional Facility). If CEC is a third-party providing services to inmates at the correctional facility, CEC must have been acting under color of state law when it inflicted the alleged constitutional injury for the plaintiff to maintain a section 1983 claim against it. *See West v. Atkins,* 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). "Private entities that contract with municipalities to provide services to prison inmates, as well as employees of those entities, are acting 'under color of state law.'" *Neuen v. PrimeCare Med., Inc.*, No. CIV. A. 09-509, 2011 WL 1104118, at *8 (E.D. Pa. Mar. 24, 2011) (citing *West,* 487 U.S. at 53-58). Thus, the court must examine the plaintiff's claims against CEC under municipal liability standards. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (reviewing claim against third-party medical provider by applying applicable standard for municipal liability under section 1983).

Because CEC appears to be a state actor, the plaintiff cannot attempt to hold it liable under a *respondeat superior* theory. *See id.* (explaining that third-party medical provider "cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability"). Instead, "when a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or

8

executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell v. New York City Dep't of Human Servs.*, 436 U.S. 658 (1978)).

Here, the plaintiff has not alleged that any of the alleged violations of his rights stemmed from a policy or custom of CEC. Therefore, the court will dismiss without prejudice his claim against CEC because he has failed to state a claim upon which relief may be granted.

### c. Claims Against The Remaining Defendants

As indicated above, the plaintiff also asserts claims against John A. Reilly, Jr., Donna Mellow, Dr. Ronald Phillips, "N. Smith," and "E. Asante." Unfortunately, the plaintiff does not include allegations in the complaint by which the court can determine whether he was a pretrial detainee or a convicted prisoner at the time his claims arose. If he was a convicted prisoner at the time of the alleged incident, his claims would lie under the Eighth Amendment. *See Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005) ("[T]he Eighth Amendment's Cruel and Unusual Punishments Clause does not apply until 'after sentence and conviction.'" (quoting *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989)). To state a claim under the Eighth Amendment, a prisoner challenging the conditions of his confinement must satisfy two criteria: First, the conditions "must be, objectively, sufficiently serious," such that "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities;" and second, the official responsible for the challenged conditions must exhibit a "sufficiently culpable state of mind," which "[i]n prison-condition cases . . . is one of deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted).

9

As for challenges to medical care (or the lack thereof), the failure to provide adequate medical care to an inmate may support the assertion of an Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). To establish an Eighth Amendment claim based on the failure to provide medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Therefore, a plaintiff must show that he has "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale*, 318 F.3d at 582.

If the plaintiff was a pretrial detainee instead of a convicted prisoner at the time of the incident, the Fourteenth Amendment's substantive due process provision would apply to his claim. *See id.* at 581 (analyzing pretrial detainee's claim of inadequate medical care under Fourteenth Amendment). To establish a violation under this provision, a pretrial detainee plaintiff would have to show that the conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). This inquiry generally turns on whether the conditions of confinement have a purpose other than punishment and whether the conditions are excessive in relation to that purpose. *Id.* at 538-39; *see Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005) (discussing analysis to determine whether "the challenged conditions of pre-trial confinement amount to punishment"). Similar to Eighth Amendment claims, claims brought under the Fourteenth Amendment require a plaintiff to establish that prison officials acted with deliberate indifference because "it is well established that merely negligent misconduct will not give rise to a claim under § 1983." *Burton v. Kindle*, 401 F. App'x 635, 637 (3d Cir. 2000) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)); *see also Brown v. Deparlos*, 492 F. App'x 211, 214 (3d Cir. 2012) (pointing out that district court properly analyzed plaintiff's section 1983 Eighth and Fourteenth Amendments claims by using the deliberate-indifference standard). Also,

with respect to claims of inadequate or inappropriate medical care, the Eighth Amendment standard discussed above would also apply to any possible Fourteenth Amendment claim by a pretrial detainee. *See Natale*, 318 F.3d at 581-82 (applying Eighth Amendment standard to claim of inappropriate medical care by pretrial detainee).

Regardless of the plaintiff's status as a convicted prisoner or a pretrial detainee, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Thus, a section 1983 plaintiff must allege that each defendant was personally involved in the events constituting the plaintiff's claim. *See Innis v. Wilson*, 334 F. App'x 454, 457 (3d Cir. 2009) (indicating that section 1983 plaintiff could not maintain claim against individual defendant unless said defendant was personally involved in actions causing the claim); *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1998) (stating that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*"). As such, supervisors may be liable for a constitutional violation if they established and maintained a policy, practice, or custom that caused the constitutional violation, or if they participated in violating the plaintiff's rights, directed others to violate them, or had knowledge of and acquiesced in their subordinates' violations. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014) (discussing and "identif[ying] two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates"). Also, "the level of intent necessary to establish supervisory liability will vary with the underlying constitutional tort alleged."[4]  *Id.* at 319.

---

[4] In *Barkes*, the Third Circuit held that a supervisor charged with Eighth Amendment violations must exhibit deliberate indifference for liability to attach. 766 F.3d at 319. The court left open "whether and under what

Here, to the extent that the plaintiff's claims are based on the fact that his bunk bed lacked a ladder that could have prevented him from having to jump from his bed to reach the floor, his claims fail.  In this regard, "[c]ourts faced with similar allegations have held that the absence of a ladder or railing from the top bunk does not create an objectively serious condition threatening inmate safety or reflect deliberate indifference on behalf of prison officials." *Tutora v. Sweeney*, No. CIV. A. 14-4458, 2014 WL 7059086, at *2 (E.D. Pa. Dec. 15, 2014) (collecting cases).  Courts have dismissed these claims because the failure to have ladders for the bunk beds "is, at most, negligence, which does not demonstrate the requisite culpability for liability to attach."  *Williams v. Corizon*, No. CIV. A. 12-2412, 2013 WL 4787223, at *15 (E.D. Pa. Sept. 9, 2013).  Because the plaintiff "cannot state a constitutional claim based on the absence of safety mechanisms on his top bunk bed," *see Tutora*, 2014 WL 7059086, at *3, the court will dismiss those claims with prejudice.

To the extent the plaintiff's claims are based on his dissatisfaction with the medical treatment provided to him after he allegedly injured himself, he has failed to state a claim against the remaining defendants.  The complaint simply does not include any allegations that John A. Reilly, Jr. or Donna Mellow were aware of the plaintiff's injuries or involved in his medical care. As for Dr. Ronald Phillips, "N. Smith," and "E. Asante," the grievances attached to the complaint reflect that Dr. Phillips treated the plaintiff when he presented with an ankle injury, and that "N. Smith" and "E. Asante" responded to or at least processed the plaintiff's grievances and informed him how to attempt to obtain further medical care, *i.e.* by filing a sick call request rather than a grievance.  Despite having been given that advice, it appears that the plaintiff refused to file a sick call request, apparently because he did not want to incur the costs associated

---

circumstances a claim for supervisory liability derived from a violation of a different constitutional provision remains valid." *Id.* at 320.  For purposes of this opinion only, the court assumes the existence of supervisory liability for a substantive due process claim.

with any medical care he might receive. *See* Jan. 6, 2014 Grievance. Accordingly, it appears that any failure to receive medical treatment after his initial treatment in the medical department was a result of the plaintiff's refusal to file a sick call request, rather than any deliberate indifference on the part of prison officials. Additionally, to the extent that the plaintiff's claims are based on any delay in his care after he sustained the injury to his ankle, he has not explained how any of the named defendants were responsible for that delay in care.

d. Claims for Injunctive Relief

In the complaint, the plaintiff appears to seeking injunctive relief in the nature of medical care, physical therapy, and the placement of ladders for the top bunk beds at the George W. Hill Correctional Facility. *See* Compl. at 5. These claims are moot because he is no longer incarcerated at the George W. Hill Correctional Facility. *See* Compl. at 1 (indicating that the plaintiff is currently incarcerated at "SCI Graterford"); *Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993) ("[T]he district court could not provide [the plaintiff] with meaningful relief by entering an injunctive order respecting the [maximum security unit] in which [the plaintiff] was no longer incarcerated."). Because the plaintiff cannot cure this defect, the court will dismiss his claims for injunctive relief with prejudice.

e. Leave to Amend

As the court is dismissing the complaint, the court must also address whether to provide the plaintiff with leave to amend the complaint. A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). Here, the court will provide the plaintiff with the opportunity to amend his allegations regarding the alleged constitutional violations by CMC, John A. Reilly, Jr., Donna Mellow, Dr. Ronald Phillips, "N.

Smith," and "E. Asante." If the plaintiff files an amended complaint, he must not include a claim against the George W. Hill Correctional Facility, assert a claim for injunctive relief similar to the one asserted in the original complaint, or allege that the defendants were deliberately indifferent because his bunk bed lacked a ladder. In addition, the plaintiff must include all named defendants in both the caption and in the body of the complaint, and he must specify how the individual defendants were personally involved in the violation of his constitutional rights.

### III.     CONCLUSION

As discussed above, the plaintiff has established that he is unable to pay the costs of suit and, as such, the court will grant him leave to proceed *in forma pauperis*. Nonetheless, after conducting a review of the allegations of the complaint under 28 U.S.C. § 1915(e)(2), the court will (1) dismiss with prejudice his claim against the George W. Hill Correctional Facility because it is not a legal entity subject to suit as a "person" under section 1983, (2) dismiss without prejudice his claim against CMC because he cannot attempt to impose *respondeat superior* liability against CMC and he has not alleged that a custom or policy caused his injuries as would be sufficient to establish a *Monell* claim, (3) dismiss his claims against John A. Reilly, Jr., Donna Mellow, Dr. Ronald Phillips, "N. Smith," and "E. Asante" because he has not included allegations reflecting anything other than potentially negligent conduct by these defendants and he has not alleged how these defendants were either personally involved in his medical care (or lack thereof) or how they acted with deliberate indifference toward him or his serious medical needs, (4) dismiss with prejudice his claims against the defendants based on the alleged failure to have a ladder for his bunk bed, and (5) dismiss with prejudice as moot his claims for injunctive relief in the nature of medical treatment, physical therapy, and the placement of ladders on the top bunks in the prison cells at the George W. Hill Correctional

Facility because he is no longer incarcerated there. As for the plaintiff's remaining claims against CMC, John A. Reilly, Jr., Donna Mellow, Dr. Ronald Phillips, "N. Smith," and "E. Asante," the court does not find that allowing the plaintiff to amend his complaint would be inequitable or futile; therefore, the plaintiff shall have a period of thirty (30) days from the date of this order to file an amended complaint. If the plaintiff fails to file an amended complaint, the court will dismiss his complaint with prejudice without further notice to the parties.

    An appropriate order follows.

                                      BY THE COURT:

                                      /s/ *Edward G. Smith, J.*
                                      EDWARD G. SMITH, J.